**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **THOMAS OEI,** | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | Civil Action No. _5:20-cv-1218_ |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| **Defendant** | § | |

---

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendant State Farm Lloyds files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

### *Procedural Background*

1.  On September 9, 2020, Plaintiff Thomas Oei, filed his Original Petition styled Cause No. 2020CI17347; *Thomas Oei v. State Farm Lloyds;* In the 225th Judicial District, Bexar County, Texas.[1]

2.  On September 14, 2020, service of suit on Defendant State Farm Lloyds' ("State Farm") registered agent occurred and Defendant timely thereafter answered on October 2, 2020.[2]

3.  State Farm now timely files this Notice of Removal within 30 days of service of suit.

---

[1] *See* Exhibit A, Plaintiff's Original Petition at page 1.

[2] *See* Exhibit C.

*Nature of the Suit*

4.      This lawsuit involves a dispute over Defendant's handling of Plaintiff's insurance claim for damages allegedly caused by a severe weather event occurring on April 13, 2019, to Plaintiff's property at 7827 Chambers Road, San Antonio, Texas 78229, Bexar County, Texas. Plaintiff asserts causes of action against State Farm for negligence, violations of Chapters 541 and 542 of the Texas Insurance Code, breach of contract, Texas Deceptive Trade Practice Act, and violation of Chapter 542 of the Texas Insurance Code. Plaintiff currently seeks damages to repair or restore Plaintiff's home, damages, statutory interest penalties, punitive damages, attorneys' fees, and costs of court.

*Basis for Removal*

5.      Removal is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the proper parties to the suit and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[3]

6.      There is complete diversity of citizenship between the parties. Upon information and belief, Plaintiff was a citizen of Texas when his Petition was filed, and continues to be citizens of Texas.

7.      At the time Plaintiff filed his Original Petition in State District Court on September 9, 2020, naming State Farm Lloyds as Defendant, and as of the date of filing this Notice, Defendant State Farm Lloyds is not a citizen of the State of Texas for diversity

---

[3] The Original Petition asserts Plaintiff's damages are greater than $200,000 and less than $1,000,000.00. *See* Exhibit A, Plaintiff's Original Petition at page 15.

jurisdiction purposes.[4]  State Farm Lloyds is an association of individual underwriters.[5]  All of the Underwriters at the time of Plaintiff filing this suit and all times relevant to determining diversity jurisdiction are domiciled in Illinois[6].  Specifically, all Underwriters are residents of Illinois, employed in Illinois and are intending to remain domiciled in Illinois during their time as an Underwriter for State Farm Lloyds.[7]

8.    Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Plaintiff has pled his damages exceed $100,000 in damages in his petition.[8]  In addition, Plaintiff presented a settlement offer to State Farm in which Plaintiff asserted his damages factoring the treble damages he claims he is entitled to would exceed $187,558.[9]  Consistent with the amount sought in the Petition and settlement demand, this dispute exceeds the amount in controversy required for diversity jurisdiction pursuant to 28 U.S.C. §1332.

---

[4] *See* Exhibit B, Affidavit of Michael Roper; *see also Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993), *cert. denied*, 114 S. Ct. 1541 (1994) (defining "Lloyds' Plan" insurer).  *See, e.g. Garza v. State Farm Lloyds*, 2013 WL 3439851, at *2 (S.D. Tex. July 8, 2013) ("Therefore, the Court finds that State Farm has sufficiently demonstrated by a preponderance of the evidence that its underwriters are not citizens of Texas.  This means State Farm and the Plaintiffs are completely diverse.")

[5] *See* Exhibit B, Affidavit of Michael Roper.

[6] *Id.*

[7] *Id.*

[8] *See* Exhibit A, Plaintiff's Original Petition at page 15.

[9] *See* Exhibit D, Plaintiff's DTPA demand letter.

9.      In addition, in determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, penalties, statutory damages, and punitive damages."[10] Here, Plaintiff claims severe weather caused damages to his property that Plaintiffs insured through State Farm Lloyds.[11]  Plaintiffs seek damages for State Farm's alleged failure to pay them what was owed under the terms of their insurance contract.[12]  The Policy at issue for the reported April 13, 2019 date of loss is a Texas Rental Dwelling Policy with coverage limits of $254,822.00.

10.      In addition, Plaintiff seeks actual damages and statutory interest penalties.[13] Plaintiff also seeks attorney fees for bringing this suit.[14]  Thus, given the plain language of his pleading, the Policy involved in Plaintiff's claim, the nature of Plaintiff's claim, and the types of

---

[10] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages); *see also Waldon v. Stonebridge Life Ins. Co.,* 2013 WL 12090036 (W.D. Tex. Oct. 8, 2013) at *1 (" In ascertaining the amount in controversy, a court may consider policy benefits, potential attorney's fees, as well as penalties, statutory damages, and punitive damages the insurer could be liable for under state law." (citing *St. Paul,* 134 F.3d at 1253)).

[11] *See* Exhibit A, Plaintiff's Original Petition at page 3.

[12] *See* Exhibit A, Plaintiff's Original Petition at page 14.

[13] *See* Exhibit A, Plaintiff's Original Petition at page 14-15.

[14] *See* Exhibit A, Plaintiff's Original Petition at page 15.

damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

11.    Based on the Policy's coverage limits and the damages alleged, it would be legally possible for Plaintiff to obtain a recovery of at least $75,000.00.

### *The Removal is Procedurally Correct*

12.    State Farm Lloyds was first served with Plaintiff's Original Petition in District Court on September 14, 2020.  Therefore, State Farm filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

12.    Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

13.    Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit C.

14.    Pursuant to 28 U.S.C. §1446(d), promptly after State Farm files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiff, the adverse party.

15.    Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk for 225th  Judicial District for Bexar County, Texas, promptly after State Farm files this Notice.

WHEREFORE, Defendant State Farm Lloyds requests that this action be removed from the 225th Judicial District for Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ TREAT LLP

By:　_____
　　　David R. Stephens
　　　State Bar No. 19146100
　　　*Attorney-in-Charge*
　　　Rebecca Rábago
　　　State Bar No. 24042442
　　　One Riverwalk Place
　　　700 N. St. Mary's St., Suite 1700
　　　San Antonio, Texas 78205
　　　Telephone: (210) 227-2200
　　　Facsimile: (210) 227-4602
　　　dstephens@lstlaw.com
　　　rrabago@lstlaw.com
　　　*Counsel for Defendant State Farm Lloyds*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas – San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy sent via email on the 14th day of October, 2020, addressed to those who do not receive notice from the Clerk of the Court.

James M. McClenny
J. Zachary Moseley
Robert V. Mongole
MCCLENNEY MOSELEY & ASSOCIATES
516 Heights Blvd.
Houston, TX 77007
James@mma-pllc.com
Zach@mma-pllc.com
Robert@mma-pllc.com

David R. Stephens/ Rebecca Rábago

# Exhibit A

CERTIFIED MAIL #70181830000042650605

Case Number: 2020-CI-17347    2020CI17347 S00001

THOMAS OEI

vs.

STATE FARM LLOYDS

IN THE DISTRICT COURT
225th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

(Note: Attached document may contain additional litigants).

## CITATION

**"THE STATE OF TEXAS"**

DIRECTED TO:    STATE FARM LLOYDS

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
211 E 7TH ST 620
AUSTIN TX 78701-3218

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk  who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were  served this CITATION and ORIGINAL PETITION , a default judgment may be taken against you." Said  CITATION with ORIGINAL PETITION  was filed on the  9th day of September, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 10TH  DAY OF September  A.D., 2020.

ROBERT V MONGOLE
ATTORNEY FOR PLAINTIFF
516 HEIGHTS BLVD
HOUSTON, TX 77007-2522



**Mary Angie Garcia**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Laura Castillo,* Deputy

---

**THOMAS OEI**
**vs**
**STATE FARM LLOYDS**

Officer's Return

**Case Number: 2020-CI-17347**
**Court:225th Judicial District Court**

Came to hand on the 10th day of September 2020, A.D., at 10:55 o'clock A.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the  _____ day of  _____  20_____,  by delivering to: _____  at 211 E 7TH ST 620 AUSTIN TX 78701-3218 a true copy of this Citation, upon which I endorsed that date of delivery, together with the accompanying copy of the CITATION with ORIGINAL PETITION .

Cause of failure to execute this Citation is  _____.

**Mary Angie Garcia**
Clerk of the District Courts
of Bexar County, TX

By: *Laura Castillo,* Deputy

ORIGINAL (DK003)

FILED
9/9/2020 5:17 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Victoria Angeles

## 2020CI17347

CAUSE NO. _____

| | | |
|---|---|---|
| **THOMAS OEI** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **BEXAR COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS** | § | |
| | § | 225th |
| *Defendant* | § | _____ **JUDICIAL DISTRICT** |
| | § | |

## PLAINTIFF THOMAS OEI'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Thomas Oei, (hereinafter referred to as "Plaintiff"), complaining of State Farm Lloyds, (hereinafter referred to as "Defendant") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process of Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $100,000.00.

### PARTIES

2. Plaintiff is an individual residing in Bexar County, Texas.

3. State Farm Lloyds is a domestic insurance company engaging in the business of insurance in the State of Texas. Defendant may be served with process by serving its registered agent of service, Corporation Service Company, located at the following address: 211 E 7TH St., Ste., 620 Austin, TX 78701.

---

4. To the extent that the above-named Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against them pursuant to the terms of Rule 28 of the TEXAS RULES OF CIVIL PROCEDURE and Plaintiff hereby demands that upon answering this suit, that it answer in its correct legal name and assumed name.

## JURISDICTION

5. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

6. The Court has jurisdiction over Defendant State Farm Lloyds because Defendant is a domestic insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas. Specifically, State Farm Lloyds sought out and marketed for insurance in Texas and has "purposefully availed" itself of the privilege of conducting activities in Texas. *Kelly v. General Interior Constr., Inc.*, 301 S.W.3d 653, 660-61 (Tex. 2010).

## VENUE

7. Venue is proper in Bexar County, Texas, because the Property is situated in Bexar County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8. Plaintiff purchased a policy from Defendant State Farm Lloyds, (hereinafter referred to as "the Policy"), which was in effect at the time of loss.

9. The Policy was purchased to insure Plaintiff's property, (hereinafter referred to as "the Property"), which is located at 7827 Chambers Rd, San Antonio TX 78229.

10. Defendant State Farm Lloyds and/or its agent sold the Policy insuring the Property to Plaintiff.

Case 5:20-cv-01218-DAE    Document 1    Filed 10/14/20    Page 12 of 60

11. On or about August 24, 2019, Plaintiff experienced a severe weather-related event which caused substantial damage to the Property and surrounding homes and businesses in the area. The Property's damage constitutes a covered loss under the Policy issued by Defendant State Farm Lloyds. Plaintiff subsequently opened a claim and Defendant State Farm Lloyds assigned an adjuster to adjust the claim.

12. Thereafter, Defendant State Farm Lloyds wrongfully underpaid Plaintiff's claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the Policy.

13. Defendant made numerous errors in estimating the value of Plaintiff's claim, as exhibited by its assigned adjuster's method of investigation and estimation of Plaintiff's loss, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant's assigned adjuster failed to fully quantify Plaintiff's covered losses, thus demonstrating that Defendant's assigned adjuster did not conduct a thorough investigation of Plaintiff's claim and/or intentionally adjusted Plaintiff's claim improperly.

14. Specifically, Defendant, independently and through its assigned adjuster, intentionally and knowingly conducted a substandard investigation of the Property. This is evidenced by Defendant's assigned adjuster's estimate, which failed to include all necessary items Plaintiff is entitled to under the Policy to place the Property in a pre-loss condition. These necessary items are covered and required under the International Building Code and/or International Residential Code, as adopted by the State of Texas in 2001.

15. Defendant's estimate did not allow for adequate funds to cover the cost of repairs and therefore grossly undervalued all of the damages sustained to the Property. As a result of Defendant's conduct, Plaintiff's claim was intentionally and knowingly underpaid.

16. Defendant's assigned adjuster acted as an authorized agent of Defendant State Farm Lloyds. Defendant's assigned adjuster acted within the course and scope of their authority as authorized by Defendant State Farm Lloyds. Plaintiff relied on Defendant and Defendant's assigned adjuster to properly adjust the claim regarding the Property and to be issued payment to fix such damage, which did not happen and has not been rectified to date.

17. Defendant State Farm Lloyds failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant refused to pay the full proceeds owed under the Policy. Due demand was made by Plaintiff for proceeds to be in an amount sufficient to cover the damaged Property.

18. Defendant and/or Defendant's assigned agent sold the Policy to Plaintiff, making various statements and representations to Plaintiff that the Property would be covered. Relying on the promises and representations made by Defendant and/or Defendant's assigned agent, Plaintiff filed a claim under the Policy with the belief that the Property would be covered after a severe weather event – such as the one that damaged the Property.

19. All conditions precedent to recovery under the Policy had, and have, been carried out and accomplished by Plaintiff.

20. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of McClenny Moseley & Associates, PLLC, who is representing Plaintiff with respect to these causes of action.

## AGENCY

21. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

22. At all times material to this cause, all acts by Defendant State Farm Lloyds were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the full authorization or ratification of Defendant State Farm Lloyds and/or were completed in its normal and routine course and scope of employment.

23. Defendant and Defendant's assigned adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this subsection are made actionable by TEX. INS. CODE § 541.151.

24. Defendant is liable for the unfair and deceptive acts of its assigned adjuster because he/she meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (*emphasis added*); *see also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a person for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

## **NEGLIGENCE**

25. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

26. Plaintiff entrusted Defendant to properly adjust Plaintiff's insurance claim for the Property damage. Defendant did not properly adjust the claim and misinformed Plaintiff of the severity of the Property damage. Defendant had and owed a duty to ensure that the damage to the Property was properly adjusted. Nevertheless, Defendant failed to ensure that Plaintiff's

damage was properly adjusted. This failure is a clear breach of Defendant's duty, and as a result, Plaintiff suffered significant injuries.

27. Defendant State Farm Lloyds and its assigned adjuster had and owed a legal duty to Plaintiff to properly adjust all losses associated with the Property. Defendant, individually and through its assigned adjuster, breached this duty in a number of ways, including, but not limited to, the following:

    A. Defendant, individually and through its assigned adjuster, was to exercise due care in adjusting and paying policy proceeds regarding the Property;

    B. Defendant, individually and through its assigned adjuster, had a duty to competently and completely handle and pay all covered losses associated with the Property;

    C. Defendant, individually and through its assigned adjuster, failed to properly complete all adjusting activities associated with Plaintiff's damages; and,

Defendant's acts, omissions, and/or breaches, individually and through its assigned adjuster, did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

28. When this case is tried, the evidence will show that Defendant State Farm Lloyds breached its duty to the Plaintiff, and that Defendant State Farm Lloyds was negligent, as that term is defined and applied under the laws and statutes of the State of Texas; and that such breach of its duty and negligence was a proximate cause of the damages sustained by Plaintiff.

## **BREACH OF CONTRACT**

29. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

30. Defendant State Farm Lloyds's conduct constitutes a breach of the insurance contract made between Defendant State Farm Lloyds and Plaintiff. According to the Policy, which Plaintiff purchased, Defendant State Farm Lloyds had the absolute duty to investigate Plaintiff's damages and pay Plaintiff policy benefits for the claims made due to the extensive storm-related damages.

31. As a result of the storm-related event, Plaintiff suffered extreme weather-related damages. Despite objective evidence of weather related damages provided by Plaintiff and his representatives, Defendant State Farm Lloyds breached its contractual obligations under the Policy by failing to pay Plaintiff cost related benefits to properly repair the Property, as well as for related losses associated with the subject loss event. As a result of this breach, Plaintiff has suffered additional actual and consequential damages.

## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

32. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

33. Plaintiff is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because he is an individual who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

34. Defendant and/or its assigned adjuster engaged in false, misleading, or deceptive acts or practices that constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is codified in the Texas Business and Commerce Code ("TEX. BUS. & COM. CODE"), including but not limited to:

---

A. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law (TEX. BUS. & COM. CODE § 17.46(b)(12));

B. Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction (§ 17.46(b)(14));

C. Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed (§ 17.46(b)(24));

D. Using or employing an act or practice in violation of the Texas Insurance Code (§ 17.50(a)(4));

E. Unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiff's claim (TEX. INS. CODE § 541.060(a)(2)-(5));

F. Failure to properly investigate Plaintiff's claim (§ 541.060(7)); and/or

G. Hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster, to obtain a favorable, results-oriented report, and to assist Defendant in severely underpaying and/or denying Plaintiff's damage claim (TEX. BUS. & COM. CODE § 17.46(31)).

35. As described in this Original Petition, Defendant State Farm Lloyds represented to Plaintiff that his Policy and State Farm Lloyds's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover proceeds. TEX. BUS. & COM. CODE § 17.46(b)(5).

36. As described in this Original Petition, Defendant State Farm Lloyds represented to Plaintiff that his Policy and State Farm Lloyds's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of § 17.46 (b)(7).

37. By Defendant State Farm Lloyds representing that they would pay the entire amount needed by Plaintiff to repair the damages caused by the weather-related event and then not doing so, Defendant has violated §§ 17.46 (b)(5), (7), (12).

38. Defendant State Farm Lloyds has breached an express warranty that the damage caused by the storm-related event would be covered under Policy. This breach entitles Plaintiff to recover under §§ 17.46 (b) (12), (20); 17.50 (a)(2).

39. Defendant State Farm Lloyds's actions, as described herein, are unconscionable in that Defendant took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Therefore, Defendant's unconscionable conduct gives Plaintiff the right to relief under § 17.50(a)(3).

40. Defendant State Farm Lloyds's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance and are in violation of § 17.50 (a)(4).

41. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, and/or deceptive acts and/or practices, made by Defendant State Farm Lloyds, to his detriment. As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the aforementioned acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages which are described in this Original Petition.

42. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in addition to all damages described herein, Plaintiff is entitled to recover mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages. § 17.50(b)(1).

43. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf.  Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorney's fees as permitted under § 17.50(d), as well as any other such damages to which Plaintiff may show himself to be justly entitled by law and in equity.

## VIOLATIONS OF THE TEXAS INSURANCE CODE

44. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

45. Defendant and/or its assigned adjuster's actions constitute violations of the Texas Insurance Code ("TEX. INS. CODE"), Chapters 541 and 542, including but not limited to:

    A. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue (TEX. INS. CODE § 541.060(a)(1));

    B. Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (§ 541.060(a)(2)(A));

    C. Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim (§ 541.060(a)(3));

D.  Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff (§ 541.060(a)(4));

E.  Refusing, failing, or unreasonably delaying a settlement offer on the basis that other coverage is available (§ 541.060 (a)(5));

F.  Refusing, to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

G.  Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5));

H.  Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code (§ 541.061(5));

I.  Engaging in false, misleading, and deceptive acts or practices under the DTPA (§541.151(2));

J.  Failing to acknowledge receipt of the claim, commence any investigation of the claim, and request from the claimant all items, statements, and forms the insurer reasonably believes at that time will be required from the claimant no later than the 15th day after the receipt of notice of the claim (§ 542.055);

K.  Failing to notify the claimant in writing of the acceptance or rejection of a claim no later than the 15th business day after the insurer receives all items, statements, and forms required by the insurer to secure a final proof of loss (§ 542.056(a));

L.  Failing to state the reasons for rejection (§ 542.056(c));

M. Failing to notify the claimant of the reasons that the insurer needs 45 days in additional time to accept or reject the claim (§ 542.056(d));

N. Failing to pay a claim not later than the 5th business day after the date of notice of acceptance was made (§ 542.057); and/or

O. Failing to pay a valid claim after receiving all reasonably requested and required items from the insured. (§ 542.058(a)).

46. By its acts, omissions, failures and conduct, Defendant State Farm Lloyds has engaged in unfair and deceptive acts and practices in the business of insurance. Plaintiff, the insured and beneficiary, has a valid claim as a result of his detrimental reliance upon Defendant State Farm Lloyds's unfair or deceptive acts or practices. § 541.151(2).

47. Defendant's aforementioned conduct compelled Plaintiff to initiate this lawsuit to recover amounts due under the Policy, by offering substantially less than the amount ultimately recovered. Defendant refused to offer more than the grossly undervalued estimates prepared by Defendant State Farm Lloyds and/or Defendant's assigned adjuster, despite knowing the actual damages were much greater than what was offered. Defendant's continued refusal to offer compelled Plaintiff to file suit. § 542.003(5).

48. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant State Farm Lloyds's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly, intentionally and/or negligently committed said actions and conduct. § 541.152.

49. As a result of Defendant State Farm Lloyds's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorney's fees as permitted under TEX. BUS. & COM. CODE § 17.50(d) or TEX. INS. CODE § 541.152 and any other such damages to which Plaintiff may show himself justly entitled by law and in equity.

**BREACH OF THE COMMON LAW DUTY**
**OF GOOD FAITH & FAIR DEALING**

50. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

51. From and after the time Plaintiff's claim was presented to Defendant State Farm Lloyds, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was more than reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. *See Viles v. Security National Ins. Co.,* 788 S.W.2d 556, 567 (Tex. 1990) (holding that an insurer has a duty to its insureds to "investigate claims thoroughly and in good faith" and an insurer can only deny a claim after a thorough investigation shows that there is a reasonable basis to deny that claim). Defendant's conduct proximately caused Plaintiff injuries and damages.

52. For the breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of the duty, such additional costs, economic hardship, losses due to nonpayment of the amount owed to Plaintiff, and/or exemplary damages for emotional distress.

## KNOWLEDGE

53. Each of the acts described above, together and singularly, were done "knowingly" and "intentionally," as the terms are used in the Texas Insurance Code.

## DAMAGES

54. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing and/or proximate causes of the damages sustained by Plaintiff.

55. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney's fees.

56. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy, court costs and attorney's fees. For knowing and/or intentional conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX. INS. CODE § 541.152.

57. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, interest on the claim at the rate of five (5) percent plus the interest rate determined under Section 304.003, Finance Code, per year, together with attorney's fees. § 542.060.

58. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

59. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiff is

entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

60. Plaintiff seeks monetary relief in excess of $200,000.00 but less than $1,000,000.00.

## ADDITIONAL DAMAGES & PENALTIES

61. Defendant's conduct was committed knowingly and intentionally. Accordingly, Defendant is liable for additional damages under the DTPA, TEX. BUS. & COM. CODE § 17.50(b)(1), as well as all operative provisions of the Texas Insurance Code. Plaintiff is clearly entitled to the penalty interest damages allowed under TEX. INS. CODE § 542.060.

## ATTORNEY'S FEES

62. In addition, Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to the Texas Insurance Code, DTPA, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005.

## COMPEL MEDIATION

63. Pursuant to TEX. INS. CODE § 541.161 and TEX. BUS. & COM. CODE § 17.5051, Plaintiff requests that Defendant be made to mediate no later than the 30th day of the signed order, following the 90th day after the date for which this pleading for relief is served upon Defendant.

## JURY DEMAND

64. Plaintiff demands a jury trial, consisting of citizens residing in Bexar County, Texas, and tenders the appropriate fee with this Original Petition.

## DISCOVERY

65. Texas Rule of Civil Procedure 47 has been met in this petition. As such, Plaintiff requests that

Defendant respond to the Requests for Disclosure, Requests for Production and Interrogatories

contained herein:

## I. REQUESTS FOR DISCLOSURE

1. Pursuant to the Texas Rules of Civil Procedure, Plaintiff request that Defendant State Farm Lloyds, disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## II. REQUESTS FOR PRODUCTION

1. Please produce State Farm Lloyds's complete claim files from the home, regional and local offices, as well as third party adjusters/adjusting firms regarding the subject claim, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

2. Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3. Please produce a certified copy of the insurance policy pertaining to the claim made subject of this lawsuit, including all underwriting files and insurance applications sent on behalf of Plaintiff in his attempt to secure insurance on the Property, which is the subject of this suit.

4. Please produce the electronic diary, including the electronic and paper notes made by State Farm Lloyds's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claim.

5. Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6. Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

7. Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the Property, which is the subject of this suit.

8. Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

9.  Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether State Farm Lloyds intends to offer these items into evidence at trial.

10. Please produce all communications, correspondence, documents and emails between any and all assigned adjusters and/or agents and the Plaintiff, not limited to physical or audio recordings of all conversations between Plaintiff and any and all assigned adjusters and/or agents.

11. Please produce all audio recordings or transcripts of conversations, calls, text, email or any other data sent to and from Plaintiff by any and all assigned adjusters and/or agents after their letter of representation sent by counsel.

12. Please provide copies of all marketing material sent on behalf of State Farm Lloyds and/or its agents after the date of loss of the Property, which is the subject of this suit.

13. Please provide all correspondence between State Farm Lloyds and its assigned adjuster, and all correspondence between State Farm Lloyds and its assigned agents, after the date of loss of the Property, which is the subject of this suit.

### III. INTERROGATORIES

1.  Please identify any person State Farm Lloyds expects to call to testify at the time of trial.

2.  Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3.  If State Farm Lloyds or State Farm Lloyds's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by State Farm Lloyds or any of State Farm Lloyds's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4.  Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of State Farm Lloyds's investigation.

5.  Please state the following concerning notice of claim and timing of payment:

   a.  The date and manner in which State Farm Lloyds received notice of the claim;
   b.  The date and manner in which State Farm Lloyds acknowledged receipt of the claim;
   c.  The date and manner in which State Farm Lloyds commenced investigation of the claim;

d.   The date and manner in which State Farm Lloyds requested from the claimant all items, statements, and forms that State Farm Lloyds reasonably believed, at the time, would be required from the claimant pursuant to the investigation; and

e.   The date and manner in which State Farm Lloyds notified the claimant in writing of the acceptance or rejection of the claim.

6.   Please identify by date, amount and reason, the insurance proceeds payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

7.   Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8.   When was the date State Farm Lloyds anticipated litigation?

9.   Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe State Farm Lloyds's document retention policy.

10.  Does State Farm Lloyds contend that the insured's premises were damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention.

11.  Does State Farm Lloyds contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12.  Does State Farm Lloyds contend that the Plaintiff failed to satisfy any condition precedent or covenant of the Policy in any way? If so, state the general factual basis for this contention.

13.  How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated? State what performance measures are used and describe State Farm Lloyds's bonus or incentive plan for adjusters.

## CONCLUSION

66. Plaintiff prays that judgment be entered against Defendant State Farm Lloyds and that Plaintiff be awarded all of his actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney's fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays he be awarded all such relief to which he is due as a result of the acts of Defendant State Farm Lloyds, and for all such other relief to which Plaintiff may be justly and rightfully entitled. In addition, Plaintiff requests the award of treble damages under the Texas Insurance Code, attorney's fees for the trial and any appeal of this lawsuit, for all costs of Court on his behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show the himself to be justly entitled.

Respectfully submitted,

*/s/ Robert V. Mongole*

**McCLENNY MOSELEY & ASSOCIATES, PLLC**
**JAMES M. MCCLENNY**
Texas Bar No. 24091857
**J. ZACHARY MOSELEY**
Texas Bar No. 24092863
**ROBERT V. MONGOLE**
Texas Bar No. 24098124
516 Heights Blvd
Houston, Texas 77007
Principal Office No. 713-334-6121
Facsimile: 713-322-5953
James@mma-pllc.com
Zach@mma-pllc.com
Robert@mma-pllc.com
**ATTORNEYS FOR PLAINTIFF**



**Mary Angie Garcia**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

*RETURN SERVICE REQUESTED*

7018 1173 0000 4265 0605

STATE FARM LLOYDS
C/O CORPORATION SERVICE COMPANY
211 E 7TH ST 620
AUSTIN, TX  78701-3218

2020CI17347  9/10/2020  CITCM  LAURA CASTILLO

U.S. POSTAGE ≫ PITNEY BOWES

ZIP 78204  $ 008.00
02 4W
0000350931 SEP 10 2020

78701$3218 C015

Exhibit  B

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **THOMAS OEI,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **Civil Action No. _____** |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| **Defendant** | § | |

### AFFIDAVIT OF MICHAEL ROPER

This day appeared before me, the undersigned authority, MICHAEL ROPER, who after being duly sworn, deposed and stated as follows:

1.     "My name is Michael Roper. I am over the age of 18, I have never been convicted of a felony or crime involving moral turpitude, and I am otherwise competent to make this affidavit.

2.     I am an Assistant Secretary - Treasurer of State Farm Lloyds, Inc. ("Lloyds, Inc."), attorney-in-fact for State Farm Lloyds. I am also the Assistant Vice-President - Accounting for State Farm Mutual Automobile Insurance Company ("State Farm Mutual"). My address is One State Farm Plaza, Bloomington, Illinois 61710-0001.

3.     As part of my job duties for State Farm Mutual, I oversee the department that maintains the books and records used to prepare and file the Annual Statements and similar filings for State Farm Mutual and each of its property and casualty insurance subsidiaries and affiliates, including State Farm Lloyds.

4.     State Farm Lloyds is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer as defined and set out in Chapter 941 of the Texas Insurance Code.

5.     As a Lloyd's plan insurer, State Farm Lloyds has designated an attorney-in-fact as provided under Texas law. Lloyds Inc., a Texas business corporation, is the attorney-in-fact in Texas for State Farm Lloyds and, as such, Lloyds Inc. is the agent of State Farm Lloyds.

6.     As an officer of these State Farm companies, I have knowledge of their respective directors, principal officers or underwriters, the type of entity each is, and other similar information. I have firsthand knowledge of the statements in this Affidavit pursuant to my duties in the above positions and they are true and correct.

7.     On April 23, 2020, the Texas Department of Insurance notified State Farm Lloyds that its Amended Articles of Agreement dated December 18, 2019 had been placed on

1

file and that its records had been updated to reflect the following changes to the underwriters: Deon Sherie Johnson replaced Laurette Catherine Stiles.

The current underwriters for State Farm Lloyds are listed below:

- Angela Kaye Sparks: Ms. Sparks is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Annette Romero Martinez: Ms. Martinez is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Mark Edward Schwamberger: Mr. Schwamberger is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Wensley John Herbert: Mr. Herbert is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Katinka Meijerink Bryson: Ms. Bryson is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Michael James Arnold: Mr. Arnold is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kenneth Edward Heidrich: Mr. Heidrich is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kathleen Mary Pechan: Ms. Pechan is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Patricia Elizabeth Roark: Ms. Roark is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kimberly Ann Sterling: Ms. Sterling is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an

intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Robert Hun Sang Yi:  Mr. Yi is domiciled in Illinois.  His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Deon Sherie Johnson:  Ms. Johnson is domiciled in Illinois.  Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

8.      At all times since the April 23, 2020 acceptance of the latest Amended Articles of Agreement by the Texas Department of Insurance, the above named underwriters have had their residences and full time places of employment in the State of Illinois.


FURTHER AFFIANT SAYETH NAUGHT."

MICHAEL ROPER


SUBSCRIBED TO AND SWORN TO before me, the undersigned authority on this the 10th day of October, 2020.

Notary Public for the State of Illinois

OFFICIAL SEAL
JENNIFER A. REDD
NOTARY PUBLIC - STATE OF ILLINOIS
My Commission Expires May 22, 2021

3

Exhibit  C

FILED
10/2/2020 9:09 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Luis Herrera

Case 5:20-cv-01218-DAE    Document 1    Filed 10/14/20    Page 35 of 60

**CAUSE NO. 2020CI17347**

| | | |
|---|---|---|
| **THOMAS OEI** | § | **IN THE DISTRICT COURT** |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **BEXAR COUNTY, TEXAS** |
| | § | |
| | § | |
| **STATE FARM LLOYDS** | § | |
| **Defendant** | § | **225TH JUDICIAL DISTRICT** |

---

### DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER

---

Defendant State Farm Lloyds files its Original Answer, and would respectfully show as follows:

**I.**

Defendant generally denies each and every allegation contained in Plaintiffs' Original Petition pursuant to Texas Rule of Civil Procedure 92, and demands strict proof thereof by a preponderance of the credible evidence.

**II.**

By this answer, Defendant does not waive any other policy provisions with respect to Plaintiff's claim, including but not limited to, the right to invoke appraisal, Plaintiff's duties after loss, conditions, and all coverage defenses. Defendant specifically asserts all terms, conditions, deductibles, limitations on coverage, and exclusions set out in the Policy and denies it has waived any policy provision.

**III.**

Pursuant to Rules 54 and 93 of the Texas Rules of Civil Procedure, Defendant denies that all conditions precedent to suit have been performed and/or occurred. In particular, Plaintiffs have

failed to submit proof that the damage to his property was caused solely by a covered peril, separate from damage caused by excluded perils.

## IV.

WHEREFORE, Defendant State Farm Lloyds respectfully prays for a judgment that Plaintiffs take nothing, that Defendant recover all its costs, and that Defendant be granted all other relief, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ TREAT LLP

By: _____
David R. Stephens
*Attorney In Charge*
State Bar No. 19146100
Rebecca Rábago
State Bar No. 24042442
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
(210) 227-2200 (telephone)
(210) 227-4602 (facsimile)
dstephens@lstlaw.com
rrábago@lstlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Defendant State Farm Lloyds' Original Answer was served by facsimile and/or electronic service on the 2nd day of October, 2020, upon the following counsel of record:

James M. McClenny
J. Zachary Moseley
Robert V. Mongole
State Bar No.: 24098124
MCCLENNEY MOSELEY & ASSOCIATES
516 Heights Blvd.
Houston, TX 77007
(713) 334-6121 (Telephone)
(713) 322-5953 (Facsimile)
James@mma-pllc.com
Zach@mma-pllc.com
Robert@mma-pllc.com

_____
David R. Stephens

Exhibit D

| | |
|---|---|
| **From:** | Lupe Torres <Lupe@mma-pllc.com> |
| **Sent:** | Friday, March 13, 2020 11:13 AM |
| **To:** | HOME CLMS-FIRECLAIMS |
| **Cc:** | Heather Hall Melaas |
| **Subject:** | [EXTERNAL]  Claim No. 53B1960G0 |
| **Attachments:** | Outlook-24nokj4i.png; LTR-2020-03-13-MMA – DTPA.pdf; CHAMBERS OEI 10_2019 (1).pdf |

Good Morning,

Attached, please find
 our client's

Demand Letter and estimate

associated with claim number 53B1960G0.

Please contact McClenny Moseley & Associates, PLLC at your earliest convenience to resolve the dispute at hand.


**Guadalupe Torres**
*Litigation Paralegal*
lupe@mma-pllc.com



516 Heights Blvd.
Houston, TX 77007
Principal Office: 713.334.6121
Fax: 713.322.5953
Toll-Free: 844.662.7552
www.mma-pllc.com

1



# MCCLENNY MOSELEY & ASSOCIATES
## a Professional Limited Liability Company

516 Heights Blvd., Houston, TX 77007
Principal: 713.334.6121 / Toll Free: 844.662.7552 / Fax: 713.322.5953
www.mma-pllc.com / messages@mma-pllc.com

**March 13, 2020**

*Via Facsimile and Email*
State Farm Lloyds
c/o Kevin White
P.O. Box 106169
Atlanta, GA 30348
Email: statefarmfireclaims@statefarm.com
Fax: 844-236-3646

| Re: | Our Client/Insured | : | Thomas Oei |
| --- | --- | --- | --- |
| | Claim Number | : | 53B1960G0 |
| | Policy Number | : | 90-C1-X714-6 |
| | Property Address | : | 7827 ███████ San Antonio, TX 78229 |
| | Date of Loss | : | August 24, 2019 |

## NOTICE OF CLAIM PURSUANT TO THE TEXAS INSURANCE CODE & TEXAS DECEPTIVE TRADE PRACTICES ACT

Please accept this letter as formal written notice of claim pursuant to the Texas Insurance Code & Texas Deceptive Trade Practices Act Demand on behalf of Thomas Oei. This law firm is the sole representative of Thomas Oei as it relates to all matters pertaining to the above-mentioned claim and property.

As State Farm knows, Thomas Oei suffered immediate and severe damage to his residential property as a result of an intense storm that occurred on or around August 24, 2019. In the aftermath, Thomas Oei relied on his insurance company and agents to help with his incredible monetary loss.

Specifically, State Farm Lloyds ("State Farm") and others conspired to, and improperly adjusted the claim so that Thomas Oei would not receive the coverage he had originally contracted to receive. Thus, this demand is now necessary to recover damages arising from State Farm 's unfair refusal to pay insurance benefits as represented by the specific insurance policy sold to Thomas Oei. Accordingly, Thomas Oei now seeks relief under Texas common law, the Deceptive Trade Practices-Consumer Protection Act, and numerous provisions within the Texas Insurance Code.

## I. BACKGROUND FACTS


MCCLENNY | MOSELEY & ASSOCIATES

Page **1** of 6

On or around August 24, 2019, the city of San Antonio, Texas and its surrounding cities and counties suffered extensive storm-related damage. This event caused severe and continuing destruction to our client's property located at 7827 Chambers Road, San Antonio, TX 78229. As State Farm must concede, and as any proper investigation by State Farm would yield, incredible damage and loss was suffered by our client's property due to storm-related events.

Specifically, State Farm Lloyds performed an unreasonable and insufficient investigation of the claim. State Farm Lloyds failed to document all the damage to the property caused by the storm in question. Although damage was covered under the policy, State Farm Lloyds wrongly excluded damage to the property including damage to the roof. State Farm Lloyds wrongly under-scoped the damage to the property and did not give the full allowance to restore the property to its pre-loss conditions.

To date, this case remains unpaid. Accordingly, this DTPA Demand is being sent as an opportunity for State Farm to settle this case without further cost to State Farm, and without it having to face an unsympathetic Texas jury regarding a loss that should have been paid months ago. However, as this has not occurred, the following claims and causes of action will be available to our client pursuant to Texas common law, the Deceptive Trade Practices Act and the Texas Insurance Code.

## II. CAUSES OF ACTION

### A.  DECEPTIVE TRADE PRACTICES –
### VIOLATIONS OF THE TEXAS INSURANCE CODE

The conduct of State Farm in this matter **may** constitute **one or more** false, misleading and deceptive acts and practices in violation of the *Texas Deceptive Trade Practices – Consumer Protection Act.* Specifically, State Farm 's conduct **may** constitute **one or more** of the following:

- Unwarranted denial of full payment of the claim;

- Failure to communicate pertinent information to Thomas Oei;

- Failure to conduct a reasonable investigation of the claim;

- Refusal to pay the claim in full without investigating;

- Failure to deny or pay the claim within a reasonable period of time;

- Failure to confirm or deny coverage within a reasonable period of time;

- Failure to attempt to come to a fair and reasonable settlement when liability is clear;

- Offering substantially less money to settle than the true value of the claim;

- Failure to promptly provide a reasonable explanation for denial of a claim;

- Failure to enter into any negotiations for settlement of the claim; and/or,



- Failure to respond to a time-limit demand.

Additionally, State Farm knowingly and intentionally engaged in unfair settlement practices by failing to timely affirm or deny coverage of the claim. It is a violation of the Texas Insurance Code for an insurer to fail to affirm or deny, *within a reasonable time*, coverage of a claim to a policyholder, including Thomas Oei. In addition, State Farm repeatedly requested irrelevant information and documentation despite having all pertinent and necessary items, statements, and forms to fully evaluate the claim, as such State Farm is in violation of the Texas Insurance Code.

## B. UNFAIR SETTLEMENT PRACTICES

The Texas Insurance Code expressly prohibits certain unfair settlement practices as they relate to claims by insured parties or beneficiaries of insurance policies. Based upon the conduct of State Farm to date, State Farm **may** have committed **one or more** of the following violations:

- Misrepresenting a material fact or policy provision relating to coverage;

- Failing to make prompt, fair, and equitable settlement of a claim after the insurer's liability is established;

- Failing to promptly and fairly settle a claim under one portion of a policy in order to influence the claimant to settle an additional claim under another portion of the coverage;

- Failing to promptly provide a reasonable explanation of the basis for denial of a claim or for the offer of a compromise settlement;

- Failing to affirm or deny coverage of a claim or to submit a reservation of rights within reasonable time;

- Refusing, failing, or delaying an offer of settlement under applicable first-party coverage on the basis that other coverage may be available or that other parties may be liable for damages, unless specifically provided in the policy; and/or

- Refusing to pay a claim without conducting a reasonable investigation of the details of the claim.

## C. PROMPT PAYMENT OF CLAIMS

The Prompt Payment of Claims Statute provided in the Texas Insurance Code imposes certain deadlines for an insurance company to acknowledge, investigate, and accept or reject a claim. The Supreme Court has stated that "*If an insurance company violates the statute and the insured party can prove the existence of coverage, then the insurer can be held liable for attorney's fees and an additional 10% per annum in addition to the amount of the claim.*"

Additionally, insurance companies must request from the claimant all items, statements, and forms that the insurance company reasonably believes will be required from the claimant. Multiple requests may be permitted when reasonably necessary, but multiple, incremental and meaningless requests are an absolute violation of the statute.

At this point in time, State Farm is clearly barred from claiming that State Farm has not received all information relevant to evaluating the claim. Moreover, State Farm has made no offer to settle for an amount that reasonably reflects the value of the loss. Finally, no valid reason was given for the actions



taken by State Farm, as outlined above.

## D. NEGLIGENCE, COMMON LAW FRAUD, MISREPRESENTATION, & NONDISCLOSURE

As State Farm knows, when a claim is made under an insurance policy, the insured party may feel that the coverage provided by the insurance company is less than what was represented or promised to them by the insurance company or its agent at the time of sale. If an insurance company or its agent promises one thing and then fails or refuses to fulfill that promise, they can be held liable for negligence, fraud, misrepresentation, and/or nondisclosure.

Insurance companies and their agents have an obligation to clearly and fully disclose any limitation or exclusions an insurance policy may contain. If they fail to adequately disclose such limitations or exclusions and then later use them as a reason for denying a claim by the insured, they may be liable under Texas law. These rules exist to protect insured parties from the unfair or negligent practices of insurance companies.

## E. BREACH OF CONTRACT

Thomas Oei entered into a valid and enforceable written insurance contract pursuant to the laws of Texas. The contract provided Thomas Oei would pay policy premiums for his insurance policy, and that State Farm, his insurance company, would provide coverage for his claims in the event of storm related damage. Thomas Oei fully performed his contractual obligations by making policy premium payments as required by his insurance contract.

State Farm has materially breached the contract by failing to provide adequate coverage following the claim filed by Thomas Oei. Moreover, despite filing a claim which notified State Farm of his loss, Thomas Oei has yet to receive full compensation as required by the insurance contract.

## III. CONCLUSION

Our client has hired an estimator to perform a proper inspection of damages sustained in this loss. Based on a thorough inspection, the damages to the property in question are as follows:

| | |
|---|---|
| Property Damages | $55,861.35 |
| Deductible | ($12,640.00) |
| Less Amount Paid | ($0.00) |
| **Amount Owed Per Policy** | **$43,221.35** |
| Statutory Interest To Date | $1,800.89 |
| Attorney's Fees | $1,867.50[1] |
| **Total Actual Damages To Date** | **$46,889.74** |

---

[1]    This amount is based on the attorney's fees as itemized through today and do not include any itemization of future attorney's fees incurred nor is any calculator applied to the gross amount. Further, no lodestar is applied given the complexity of the case and counsel's special competence in handling these matters, it is reasonable to request a lodestar at time of trial.

[2]    Treble damages are figured at three times actual damages pursuant to Cal. Ins. Code § 533.



In addition to the above-mentioned damages, the Texas Insurance Code[2] also allows for a jury to award treble damages up to three times the amount of actual damages. If this case goes to trial, we are confident that treble damages will be awarded. **That would make State Farm potentially responsible for an additional $140,669.22 in damages.**

We reserve the right to adjust the damage amounts once repairs are commenced and/or completed if there is additional damage. Further, we reserve the right to adjust these amounts to conform to the information and evidence that will be available to us at the time of trial, should litigation be necessary.

In conjunction with the damages outlined above, we hereby demand **$46,889.74** to be paid in exchange for a release of any and all claims on behalf of Thomas Oei. If this matter is not settled quickly, the amount of time spent on this claim and the amount of attorney fees will increase. We have been assigned an interest in this claim against your client. The purpose of this letter is to encourage you to resolve our client's claim in a fair and equitable manner without the need for further legal action. In the event you fail to timely respond to this letter with an offer of settlement that is acceptable to our client, we will have no alternative but to proceed with litigation against your company. Please forward all further correspondence regarding this claim to our firm. If you have any written or recorded statements or other investigation information pertaining to this claim, please forward a copy to me.

If we are unable to come to an amicable solution during the time allotted, additional attorney fees may be sought along with additional litigation expenses incurred. We reserve the right to adjust the above amounts to conform to the information and evidence that will become available during the time leading up to trial, should litigation become necessary. This includes additional attorney's fees, Court costs and all applicable accrued pre-judgment and penalty interest allowed by Texas law.

## IV. SETTLEMENT AND RELEASE

The purpose of this letter is to encourage State Farm to resolve this matter in a fair and equitable manner without the need for further legal action. In the event State Farm fails to respond to this letter with an offer of settlement that is acceptable, Thomas Oei will have no alternative but to instruct our firm to file a lawsuit against State Farm. The lawsuit will be filed under the *Texas Deceptive Trade Practices – Consumer Protection Act* and the *Texas Insurance Code,* as well as the other authorities outlined above.

In such lawsuit, rather than seeking only the monetary amount we are now asking for, we will seek to recover the full measure of damages, expenses and attorney's fees incurred, as allowed by law. To that end, this correspondence also acts as formal notice under §38 of the Texas Civil Practice and Remedies Code, of intent to seek attorney's fees in this matter. Ultimately, the amount of damages awarded by a jury will increase dramatically.

***This demand is conditioned upon delivery of written acceptance prior to the expiration of 60 calendar days from the date of its receipt of this demand***. For State Farm 's convenience, a settlement check will be held in trust until a release has been fully executed. Said release will be sent via mail to State Farm 's attention at its office location.

State Farm has long been provided with copies of all records and information relevant to evaluating



this claim. We, therefore, consider State Farm in a position to act promptly on this demand. After the expiration of 60 calendar days from the date of its receiving this demand, the demand is withdrawn. We reserve the right to then proceed against State Farm personally for the full extent of all possible damages.

In regard to the above demand, be aware that this law firm has been assigned an attorney's fee interest in any and all claim(s) related to the above policy and would appreciate it if State Farm will limit contact to us for any information or assistance with respect to said claim(s). In addition, please send any future payments related to the above policy to this law firm's address for handling, with McClenny Moseley & Associates, PLLC named as an additional payee to secure our interest in attorney's fees.

Additionally, please immediately provide us a payment log indicating all payments made and to whom they were made; also include a brief description of the purpose of each payment regarding this claim. Moreover, consistent with the rights under the policy, please immediately forward any and all copies of the following to our attention, if not already previously provided:

- Underwriting file, including the policy, application, amendments, etc.;
- **All correspondence** sent to/from Thomas Oei;
- **A copy of the claims file**;
- All documents regarding the processing of the above claim;
- A description outlining why the above claim has not been paid in full;
- All file notes pertaining to the above claim;
- Videos taken/received regarding the above claim;
- Photographs taken/received regarding the above claim;
- All investigative reports regarding the above claim; and/or,
- All engineering reports regarding the above claim.

*We consider this entire letter a pertinent communication with respect to the resolution of this case. A prompt response is therefore expected.*

A copy of this notice has been provided to Thomas Oei, the insured.

Sincerely,

*/s/Heather Hall Melaas*
**HEATHER HALL MELAAS**
Texas Bar No. 24089909
**JAMES M. MCCLENNY**
Texas Bar No. 24091857
**J. ZACHARY MOSELEY**
Texas Bar No. 24092863
**MCCLENNY MOSELEY & ASSOCIATES, PLLC**
Heather@mma-pllc.com

CC: Thomas Oei
███████████


MCCLENNY | MOSELEY
& ASSOCIATES

| | |
|---|---|
| **From:** | Lupe Torres <Lupe@mma-pllc.com> |
| **Sent:** | Friday, March 13, 2020 11:13 AM |
| **To:** | HOME CLMS-FIRECLAIMS |
| **Cc:** | Heather Hall Melaas |
| **Subject:** | [EXTERNAL]  Claim No. 53B1960G0 |
| **Attachments:** | Outlook-24nokj4i.png; LTR-2020-03-13-MMA - DTPA.pdf; CHAMBERS OEI 10_2019 (1).pdf |

Good Morning,

Attached, please find
 our client's

Demand Letter and estimate

associated with claim number 53B1960G0.

Please contact McClenny Moseley & Associates, PLLC at your earliest convenience to resolve the dispute at hand.


**Guadalupe Torres**
*Litigation Paralegal*
lupe@mma-pllc.com

 MCCLENNY | MOSELEY
& ASSOCIATES

516 Heights Blvd.
Houston, TX 77007
Principal Office: 713.334.6121
Fax: 713.322.5953
Toll-Free: 844.662.7552
www.mma-pllc.com



# MᴄCʟᴇɴɴʏ Mᴏsᴇʟᴇʏ & Assᴏᴄɪᴀᴛᴇs
## a Professional Limited Liability Company

516 Heights Blvd., Houston, TX 77007
Principal: 713.334.6121 / Toll Free: 844.662.7552 / Fax: 713.322.5953
www.mma-pllc.com / messages@mma-pllc.com

**March 13, 2020**

*Via Facsimile and Email*
State Farm Lloyds
c/o Kevin White
P.O. Box 106169
Atlanta, GA 30348
Email: statefarmfireclaims@statefarm.com
Fax: 844-236-3646

Re:  Our Client/Insured  :  Thomas Oei
     Claim Number        :  53B1960G0
     Policy Number       :  90-C1-X714-6
     Property Address     :  7827 ▆▆▆▆▆▆ San Antonio, TX 78229
     Date of Loss        :  August 24, 2019

## NOTICE OF CLAIM PURSUANT TO THE TEXAS INSURANCE CODE & TEXAS DECEPTIVE TRADE PRACTICES ACT

Please accept this letter as formal written notice of claim pursuant to the Texas Insurance Code & Texas Deceptive Trade Practices Act Demand on behalf of Thomas Oei. This law firm is the sole representative of Thomas Oei as it relates to all matters pertaining to the above-mentioned claim and property.

As State Farm knows, Thomas Oei suffered immediate and severe damage to his residential property as a result of an intense storm that occurred on or around August 24, 2019. In the aftermath, Thomas Oei relied on his insurance company and agents to help with his incredible monetary loss.

Specifically, State Farm Lloyds ("State Farm") and others conspired to, and improperly adjusted the claim so that Thomas Oei would not receive the coverage he had originally contracted to receive. Thus, this demand is now necessary to recover damages arising from State Farm 's unfair refusal to pay insurance benefits as represented by the specific insurance policy sold to Thomas Oei. Accordingly, Thomas Oei now seeks relief under Texas common law, the Deceptive Trade Practices-Consumer Protection Act, and numerous provisions within the Texas Insurance Code.

## I. BACKGROUND FACTS


MCCLENNY | MOSELEY & ASSOCIATES

On or around August 24, 2019, the city of San Antonio, Texas and its surrounding cities and counties suffered extensive storm-related damage. This event caused severe and continuing destruction to our client's property located at 7827 Chambers Road, San Antonio, TX 78229. As State Farm must concede, and as any proper investigation by State Farm would yield, incredible damage and loss was suffered by our client's property due to storm-related events.

Specifically, State Farm Lloyds performed an unreasonable and insufficient investigation of the claim. State Farm Lloyds failed to document all the damage to the property caused by the storm in question. Although damage was covered under the policy, State Farm Lloyds wrongly excluded damage to the property including damage to the roof. State Farm Lloyds wrongly under-scoped the damage to the property and did not give the full allowance to restore the property to its pre-loss conditions.

To date, this case remains unpaid. Accordingly, this DTPA Demand is being sent as an opportunity for State Farm to settle this case without further cost to State Farm, and without it having to face an unsympathetic Texas jury regarding a loss that should have been paid months ago. However, as this has not occurred, the following claims and causes of action will be available to our client pursuant to Texas common law, the Deceptive Trade Practices Act and the Texas Insurance Code.

## II. CAUSES OF ACTION

### A.  DECEPTIVE TRADE PRACTICES –
### VIOLATIONS OF THE TEXAS INSURANCE CODE

The conduct of State Farm in this matter **may** constitute **one or more** false, misleading and deceptive acts and practices in violation of the *Texas Deceptive Trade Practices – Consumer Protection Act. S*pecifically, State Farm 's conduct **may** constitute **one or more** of the following:

- Unwarranted denial of full payment of the claim;

- Failure to communicate pertinent information to Thomas Oei;

- Failure to conduct a reasonable investigation of the claim;

- Refusal to pay the claim in full without investigating;

- Failure to deny or pay the claim within a reasonable period of time;

- Failure to confirm or deny coverage within a reasonable period of time;

- Failure to attempt to come to a fair and reasonable settlement when liability is clear;

- Offering substantially less money to settle than the true value of the claim;

- Failure to promptly provide a reasonable explanation for denial of a claim;

- Failure to enter into any negotiations for settlement of the claim; and/or,



•     Failure to respond to a time-limit demand.

Additionally, State Farm knowingly and intentionally engaged in unfair settlement practices by failing to timely affirm or deny coverage of the claim. It is a violation of the Texas Insurance Code for an insurer to fail to affirm or deny, ***within a reasonable time***, coverage of a claim to a policyholder, including Thomas Oei. In addition, State Farm repeatedly requested irrelevant information and documentation despite having all pertinent and necessary items, statements, and forms to fully evaluate the claim, as such State Farm is in violation of the Texas Insurance Code.

## B. UNFAIR SETTLEMENT PRACTICES

The Texas Insurance Code expressly prohibits certain unfair settlement practices as they relate to claims by insured parties or beneficiaries of insurance policies. Based upon the conduct of State Farm to date, State Farm **may** have committed **one or more** of the following violations:

•     Misrepresenting a material fact or policy provision relating to coverage;

•     Failing to make prompt, fair, and equitable settlement of a claim after the insurer's liability is established;

•     Failing to promptly and fairly settle a claim under one portion of a policy in order to influence the claimant to settle an additional claim under another portion of the coverage;

•     Failing to promptly provide a reasonable explanation of the basis for denial of a claim or for the offer of a compromise settlement;

•     Failing to affirm or deny coverage of a claim or to submit a reservation of rights within reasonable time;

•     Refusing, failing, or delaying an offer of settlement under applicable first-party coverage on the basis that other coverage may be available or that other parties may be liable for damages, unless specifically provided in the policy; and/or

•     Refusing to pay a claim without conducting a reasonable investigation of the details of the claim.

## C. PROMPT PAYMENT OF CLAIMS

The Prompt Payment of Claims Statute provided in the Texas Insurance Code imposes certain deadlines for an insurance company to acknowledge, investigate, and accept or reject a claim. The Supreme Court has stated that "*If an insurance company violates the statute and the insured party can prove the existence of coverage, then the insurer can be held liable for attorney's fees and an additional 10% per annum in addition to the amount of the claim.*"

Additionally, insurance companies must request from the claimant all items, statements, and forms that the insurance company reasonably believes will be required from the claimant. Multiple requests may be permitted when reasonably necessary, but multiple, incremental and meaningless requests are an absolute violation of the statute.

At this point in time, State Farm is clearly barred from claiming that State Farm has not received all information relevant to evaluating the claim. Moreover, State Farm has made no offer to settle for an amount that reasonably reflects the value of the loss. Finally, no valid reason was given for the actions



taken by State Farm, as outlined above.

## D. NEGLIGENCE, COMMON LAW FRAUD, MISREPRESENTATION, & NONDISCLOSURE

As State Farm knows, when a claim is made under an insurance policy, the insured party may feel that the coverage provided by the insurance company is less than what was represented or promised to them by the insurance company or its agent at the time of sale. If an insurance company or its agent promises one thing and then fails or refuses to fulfill that promise, they can be held liable for negligence, fraud, misrepresentation, and/or nondisclosure.

Insurance companies and their agents have an obligation to clearly and fully disclose any limitation or exclusions an insurance policy may contain. If they fail to adequately disclose such limitations or exclusions and then later use them as a reason for denying a claim by the insured, they may be liable under Texas law. These rules exist to protect insured parties from the unfair or negligent practices of insurance companies.

## E. BREACH OF CONTRACT

Thomas Oei entered into a valid and enforceable written insurance contract pursuant to the laws of Texas. The contract provided Thomas Oei would pay policy premiums for his insurance policy, and that State Farm, his insurance company, would provide coverage for his claims in the event of storm related damage. Thomas Oei fully performed his contractual obligations by making policy premium payments as required by his insurance contract.

State Farm has materially breached the contract by failing to provide adequate coverage following the claim filed by Thomas Oei. Moreover, despite filing a claim which notified State Farm of his loss, Thomas Oei has yet to receive full compensation as required by the insurance contract.

## III. CONCLUSION

Our client has hired an estimator to perform a proper inspection of damages sustained in this loss. Based on a thorough inspection, the damages to the property in question are as follows:

| | |
|---|---|
| Property Damages | $55,861.35 |
| Deductible | ($12,640.00) |
| Less Amount Paid | ($0.00) |
| **Amount Owed Per Policy** | **$43,221.35** |
| Statutory Interest To Date | $1,800.89 |
| Attorney's Fees | $1,867.50[1] |
| **Total Actual Damages To Date** | **$46,889.74** |



[1]     This amount is based on the attorney's fees as itemized through today and do not include any itemization of future attorney's fees incurred nor is any calculator applied to the gross amount. Further, no lodestar is applied given the complexity of the case and counsel's special competence in handling these matters, it is reasonable to request a lodestar at time of trial.

[2]     Treble damages are figured at three times actual damages pursuant to Cal. Ins. Code § 533.



In addition to the above-mentioned damages, the Texas Insurance Code[2] also allows for a jury to award treble damages up to three times the amount of actual damages. If this case goes to trial, we are confident that treble damages will be awarded. **That would make State Farm potentially responsible for an additional $140,669.22 in damages.**

We reserve the right to adjust the damage amounts once repairs are commenced and/or completed if there is additional damage. Further, we reserve the right to adjust these amounts to conform to the information and evidence that will be available to us at the time of trial, should litigation be necessary.

In conjunction with the damages outlined above, we hereby demand **$46,889.74** to be paid in exchange for a release of any and all claims on behalf of Thomas Oei. If this matter is not settled quickly, the amount of time spent on this claim and the amount of attorney fees will increase. We have been assigned an interest in this claim against your client. The purpose of this letter is to encourage you to resolve our client's claim in a fair and equitable manner without the need for further legal action. In the event you fail to timely respond to this letter with an offer of settlement that is acceptable to our client, we will have no alternative but to proceed with litigation against your company. Please forward all further correspondence regarding this claim to our firm. If you have any written or recorded statements or other investigation information pertaining to this claim, please forward a copy to me.

If we are unable to come to an amicable solution during the time allotted, additional attorney fees may be sought along with additional litigation expenses incurred. We reserve the right to adjust the above amounts to conform to the information and evidence that will become available during the time leading up to trial, should litigation become necessary. This includes additional attorney's fees, Court costs and all applicable accrued pre-judgment and penalty interest allowed by Texas law.

## IV. SETTLEMENT AND RELEASE

The purpose of this letter is to encourage State Farm to resolve this matter in a fair and equitable manner without the need for further legal action. In the event State Farm fails to respond to this letter with an offer of settlement that is acceptable, Thomas Oei will have no alternative but to instruct our firm to file a lawsuit against State Farm. The lawsuit will be filed under the *Texas Deceptive Trade Practices – Consumer Protection Act* and the *Texas Insurance Code,* as well as the other authorities outlined above.

In such lawsuit, rather than seeking only the monetary amount we are now asking for, we will seek to recover the full measure of damages, expenses and attorney's fees incurred, as allowed by law. To that end, this correspondence also acts as formal notice under §38 of the Texas Civil Practice and Remedies Code, of intent to seek attorney's fees in this matter. Ultimately, the amount of damages awarded by a jury will increase dramatically.

***This demand is conditioned upon delivery of written acceptance prior to the expiration of 60 calendar days from the date of its receipt of this demand***. For State Farm 's convenience, a settlement check will be held in trust until a release has been fully executed. Said release will be sent via mail to State Farm 's attention at its office location.

State Farm has long been provided with copies of all records and information relevant to evaluating



this claim. We, therefore, consider State Farm in a position to act promptly on this demand. After the expiration of 60 calendar days from the date of its receiving this demand, the demand is withdrawn. We reserve the right to then proceed against State Farm personally for the full extent of all possible damages.

In regard to the above demand, be aware that this law firm has been assigned an attorney's fee interest in any and all claim(s) related to the above policy and would appreciate it if State Farm will limit contact to us for any information or assistance with respect to said claim(s). In addition, please send any future payments related to the above policy to this law firm's address for handling, with McClenny Moseley & Associates, PLLC named as an additional payee to secure our interest in attorney's fees.

Additionally, please immediately provide us a payment log indicating all payments made and to whom they were made; also include a brief description of the purpose of each payment regarding this claim. Moreover, consistent with the rights under the policy, please immediately forward any and all copies of the following to our attention, if not already previously provided:

- Underwriting file, including the policy, application, amendments, etc.;
- **All correspondence** sent to/from Thomas Oei;
- **A copy of the claims file**;
- All documents regarding the processing of the above claim;
- A description outlining why the above claim has not been paid in full;
- All file notes pertaining to the above claim;
- Videos taken/received regarding the above claim;
- Photographs taken/received regarding the above claim;
- All investigative reports regarding the above claim; and/or,
- All engineering reports regarding the above claim.

*We consider this entire letter a pertinent communication with respect to the resolution of this case. A prompt response is therefore expected.*

A copy of this notice has been provided to Thomas Oei, the insured.

Sincerely,

*/s/Heather Hall Melaas*
**HEATHER HALL MELAAS**
Texas Bar No. 24089909
**JAMES M. MCCLENNY**
Texas Bar No. 24091857
**J. ZACHARY MOSELEY**
Texas Bar No. 24092863
**MCCLENNY MOSELEY & ASSOCIATES, PLLC**
Heather@mma-pllc.com

CC: Thomas Oei



## XAVIER ROOFING AND CONSTRUCTION

Insured:   THOMAS OEI                                                     Home:   (210) 391-4701
Home:   7827 CHAMBERS RD
   SAN ANTONIO, TX


Estimator:   DAVID LONGORIA                                          Business:   (512) 820-3777


**Claim Number:**                          **Policy Number:**                          **Type of Loss:** Wind Damage


Date of Loss:                                Date Received:
Date Inspected:                              Date Entered:   10/4/2019 5:13 AM


Price List:   TXSA8X_OCT19
   Restoration/Service/Remodel
Estimate:   2019-10-04-0013

**SALES MGR DAVID LONGORIA**
 **ESTIMATE REFLECTS OCTOBER 2019 XACTIMATE PRICING**

## XAVIER ROOFING AND CONSTRUCTION

**2019-10-04-0013**

2019-10-04-0013

| DESCRIPTION | QTY | REMOVE | REPLACE | *TOTAL |
|---|---|---|---|---|
| 1.  Remove 3 tab - 25 yr. - composition shingle roofing - incl. felt | 67.00 SQ | 46.50 | 0.00 | 3,115.50 |
| 3.  3 tab - 25 yr. - composition shingle roofing - incl. felt | 67.00 SQ | 0.00 | 193.18 | 13,407.98 |
| 4.  R&R Drip edge | 601.00 LF | 0.26 | 1.96 | 1,370.91 |
| 5.  Asphalt starter - universal starter course | 601.00 LF | 0.00 | 1.80 | 1,112.05 |
| 6.  R&R Ridge cap - composition shingles | 265.00 LF | 2.10 | 3.29 | 1,448.90 |
| 7.  R&R Valley metal | 38.00 LF | 0.46 | 4.53 | 195.23 |
| 8.  R&R Flashing - pipe jack | 6.00 EA | 5.45 | 35.54 | 251.40 |
| 9.  Prime & paint roof jack | 6.00 EA | 0.00 | 28.07 | 171.47 |
| 11.  R&R Roof vent - turbine type | 4.00 EA | 6.96 | 101.20 | 453.10 |
| 12.  Dumpster load - Approx. 30 yards, 5-7 tons of debris | 1.00 EA | 652.61 | 0.00 | 652.61 |
| 13.  Roofing (Bid Item) SKYLIFT AND LIMITED ACCESS | 1.00 EA | 0.00 | 4,500.00 | 4,500.00 |
| 14.  Roofing (Bid Item)PORTA POTTY | 1.00 EA | 0.00 | 495.00 | 495.00 |
| 15.  R&R Skylight - double dome fixed, 9.1-12.5 sf - Standard grade | 8.00 EA | 23.34 | 282.48 | 2,578.56 |
| 17.  R&R Skylight flashing kit - dome - High grade | 8.00 EA | 4.85 | 110.48 | 985.06 |

**Total:  2019-10-04-0013**                                                                    **30,737.77**

### Interior PAINTING AND REPAIR

| DESCRIPTION | QTY | REMOVE | REPLACE | *TOTAL |
|---|---|---|---|---|
| 18.  Painting (Bid Item) PAINT ALL CEILINGS WITH LEAKS AND TILE REPLACEMENT | 1.00 EA | 0.00 | 9,500.00 | 9,500.00 |

* Price is inclusive of sales tax paid at point of purchase

**XAVIER ROOFING AND CONSTRUCTION**

### CONTINUED - Interior PAINTING AND REPAIR

| DESCRIPTION | QTY | REMOVE | REPLACE | *TOTAL |
|---|---|---|---|---|
| **Totals:  Interior PAINTING AND REPAIR** | | | | **9,500.00** |

### Siding

| DESCRIPTION | QTY | REMOVE | REPLACE | *TOTAL |
|---|---|---|---|---|
| 19.  R&R Siding - hardboard - lap pattern - 12" | 1,200.00 SF | 0.33 | 3.69 | 4,967.55 |
| 21.  R&R Siding trim - 1" x 4" fiber cement trim board | 220.00 LF | 0.27 | 5.53 | 1,300.50 |
| **Totals:  Siding** | | | | **6,268.05** |

**Labor Minimums Applied**

| DESCRIPTION | QTY | REMOVE | REPLACE | *TOTAL |
|---|---|---|---|---|
| 10.  Painting labor minimum | 1.00 3 | 0.00 | 45.27 | 45.27 |
| **Totals:  Labor Minimums Applied** | | | | **45.27** |
| **Line Item Totals: 2019-10-04-0013** | | | | **46,551.09** |

* Price is inclusive of sales tax paid at point of purchase

**XAVIER ROOFING AND CONSTRUCTION**

### Summary

| | |
|---|---:|
| Line Item Total | 46,551.09 |
| Overhead | 4,655.13 |
| Profit | 4,655.13 |
| **Replacement Cost Value** | **$55,861.35** |
| **Net Claim** | **$55,861.35** |

DAVID LONGORIA

## XAVIER ROOFING AND CONSTRUCTION

### Recap by Room

| | | |
|---|---:|---:|
| **Estimate: 2019-10-04-0013** | **30,737.77** | **66.03%** |
| **Interior PAINTING AND REPAIR** | **9,500.00** | **20.41%** |
| **Siding** | **6,268.05** | **13.46%** |
| **Labor Minimums Applied** | **45.27** | **0.10%** |
| **Subtotal of Areas** | **46,551.09** | **100.00%** |
| **Total** | **46,551.09** | **100.00%** |

**XAVIER ROOFING AND CONSTRUCTION**

### Recap by Category

| O&P Items | Total | % |
|---|---|---|
| GENERAL DEMOLITION | 5,239.81 | 11.26% |
| PAINTING | 9,716.74 | 20.87% |
| ROOFING | 22,443.79 | 48.21% |
| SIDING | 5,812.65 | 12.49% |
| WINDOWS - SKYLIGHTS | 3,338.10 | 7.17% |
| O&P Items Subtotal | 46,551.09 | 83.33% |
| Overhead | 4,655.13 | 8.33% |
| Profit | 4,655.13 | 8.33% |
| Total | 55,861.35 | 100.00% |